IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**GREGORY LOUIS KIERCZAK,**        CASE NO. 3:22 CV 320

    Plaintiff,

    v.                                    JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.           **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Gregory Louis Kierczak seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge James E. Grimes Jr. for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Grimes recommends this Court affirm the Commissioner's final decision. (Doc. 15). Plaintiff filed objections to the R&R (Doc. 16), and the Commissioner filed a response thereto (Doc. 17). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in May 2019 alleging a disability onset date of December 21, 2018. (Tr. 324, 331). His claims were denied initially and upon reconsideration. (Tr. 180, 189, 204, 209). Plaintiff (represented by counsel) and a vocational expert ("VE") testified at two hearings before two different administrative law judges ("ALJs") on October 20, 2020, and September 1, 2021. (Tr. 39-91, 93-119). On October 12, 2021, the second ALJ found Plaintiff not disabled in a written decision. (Tr. 19-31). The Appeals Council

denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-6). Plaintiff timely filed the instant action on February 22, 2022. (Doc. 1).

To the Magistrate Judge, Plaintiff presented a single issue:

> Did ALJ fail to proffer and adopt a complete and accurate hypothetical (exertional and nonexertional limitations/restrictions) to VE at hearing, for which ALJ reliance on VE testimony at step 5 of sequential evaluation denying benefits, is not supported by substantial evidence?

(Doc. 10, at 3); *see also* Doc. 10, at 15. He argued, in essence, that the ALJ erred in formulating the residual functional capacity ("RFC") by failing to fully account for vision loss in both of Plaintiff's eyes, and not including additional limitations based on that vision loss.

In his R&R, Judge Grimes concluded (1) Plaintiff had "waived the only issue he presents by failing to support it with record citations and by failing to explain where in the record the error he alleges can be found" (Doc. 15, at 15), and (2) even if the issue was not waived, Plaintiff had not pointed to reversible error in the ALJ's determination (Doc. 15, at 16-18). He therefore recommends the Court affirm the Commissioner's decision.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is

defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff raises numerous objections to the R&R that can be divided into two categories: first, objections to the Magistrate Judge's findings of waiver and criticism of counsel's compliance with the Initial Order's briefing and citation requirements; and second, objections to the Magistrate Judge's evaluation of his underlying claim – that his vision impairments were not adequately accounted for in the ALJ's residual functional capacity determination. *See* Doc. 16.

<u>Waiver</u>

As to the first category of objections, Plaintiff argues he substantially complied with the Magistrate Judge's Initial Order (Doc. 5), made clear which ALJ finding he was challenging, and set forth the facts relevant to his challenge in the facts section of his brief. He further contends the arguments he set forth therein were germane to the issue he raised. As such, he contends the R&R's analysis regarding waiver is incorrect. Although the heading of Plaintiff's argument indicated a challenge to the ALJ's Step 5 determination, his argument was actually "a veiled attack on the ALJ's underlying RFC finding" because "this is not a scenario where the ALJ's hypothetical failed to match up to the RFC he ultimately imposed." *Kirchner v. Colvin*, 2013 WL 5913972, at *11 (E.D. Mich.). Additionally, as the Magistrate Judge pointed out, much of the argument section of Plaintiff's brief offered assertions regarding specific limitations with no citation to the record for support. *See, e.g.*, Doc. 10, at 16-18, Doc. 10, at 18; Doc. 10, at 20-22. The Court recognizes,

3

however, that some of this argument is counsel's attempt to explain the functional impact of the medical evidence previously cited.

Plaintiff further contends "Defendant has not invoked any waiver argument as to Plaintiff's brief and Magistrate raising this is also inappropriately advocating for the Defendant." (Doc. 16, at 1-2). But Defendant did raise the issue. *See* Doc. 11, at 9 n.4 (invoking waiver principles for "arguments not raised in [Plaintiff's] brief" and "arguments raised only perfunctorily without argument"); Doc. 11, at 1 ("Plaintiff's brief presents string after string of unsupported hypotheses, with no record citation, about how Plaintiff's visual impairment affects his eyesight and would affect his work-related functioning."); Doc. 11, at 10 ("In his brief, Plaintiff makes many assertions about how his visual limitations would impact his functioning, but these assertions are simply not supported by the record evidence, nor does Plaintiff point to any support."); Doc. 11, at 12 n.5 ("These apparent quotes are set forth in Plaintiff's brief without citation.").

The Court need not wade deeper into this disagreement over the adequacy of the briefing or compliance with the Initial Order, as it finds on *de novo* review below that the R&R's analysis of the substantive issues presented is correct and that the Commissioner's decision should be affirmed.

<u>Vision Limitations in RFC</u>

As to the second category of objections, Plaintiff contends the R&R "incorrectly minimizes" Dr. Clark's questionnaire identifying a vision impairment and related functional restrictions and fails to recognize Dr. Nellis's report "further supports additional visual limitations". (Doc. 16, at 3). Plaintiff contends Dr. Nellis's findings that Plaintiff had low or very low visual processing skills, combined with his vision loss and Dr. Clark's opinion both eyes are affected by his homonymous hemianopia, means "the net effect . . . is not merely loss requiring a

well-lit work environment and no jobs requiring left peripheral acuity, but impacts plaintiff's ability to see bilaterally 'straight in front of him'[,] reach above him bilaterally, [and] handle bilaterally". *Id.* He asserts the ALJ and the Magistrate Judge failed to appreciate this.

The ALJ imposed the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, ropes, or scaffolds. He can frequently use the bilateral upper extremities for reaching and handling. He must avoid all exposure to hazards, such as dangerous moving machinery, commercial driving, and unprotected heights. He requires a well-lit work environment and no jobs requiring left peripheral acuity. He can perform simple, routine, and repetitive tasks in a work environment free from fast-paced production requirements such as moving assembly lines and conveyor belts, involving only work-related decisions, with few if any workplace changes. He can occasionally interact with the public, coworkers, and supervisors[.]

(Tr. 24).

At the outset, the Court notes several Social Security review principles. First, the RFC is a determination reserved to the ALJ. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (final responsibility for deciding the RFC "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) ("the [ALJ] . . .is responsible for assessing your [RFC]"); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] [RFC]' "). The RFC need not directly align with any particular physician's opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). Second, Plaintiff bears the burden of demonstrating the RFC is insufficiently restrictive. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008); *see also* 20 C.F.R. § 404.1512 (claimant's burden to prove impairment is disabling). Third, "if substantial evidence or even a preponderance of the evidence supports the claimant's position", the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Turning to the facts of the instant case, Dr. Clark opined – and the ALJ recognized (Tr. 27) – Plaintiff has homonymous hemianopia, resulting in visual field loss in both eyes. (Tr. 2135-36). Specifically, Dr. Clark said, "[t]here is visual field loss of the left side in both eyes" and "[v]isual acuity is good in both eyes, but as stated above a loss of his peripheral vision." (Tr. 2136). In response to a question about whether Plaintiff's ability to "focus clearly on an object . . . as large as a T.V. screen [would] be significantly impaired", Dr. Clark wrote: "Not in terms of clarity, but he would have to turn his head to the left to use his remaining right visual field." *Id.* at 2137. In response to a question about whether Plaintiff could read or "carry on tasks requiring careful attention to detail", Dr. Clark opined: "he can read some, but would have to turn his head to the left to do so + would tire easily." *Id.* at 2138. In conclusion, Dr. Clark wrote:

> In my professional opinion [Plaintiff]'s visual field loss related to his injury would significantly affect his visual functioning capabilities. While his visual acuity is good, the loss of his left peripheral vision does not allow him to drive [and] would make it difficult to work.

(Tr. 2139).[1] The ALJ summarized this opinion, noting specifically that the condition "affects both eyes", "result[s] in visual field loss of the left half in both eyes", and that Plaintiff "would need to turn his head to the left to use the remaining [r]ight visual field." (Tr. 27). Notably, the RFC's limitation of "left peripheral acuity" (Tr. 27) comes almost verbatim from Dr. Clark's opinion. *See* Tr. 2139. Plaintiff continues to argue the ALJ (and now the Magistrate Judge) failed to appreciate that both eyes were impacted by his condition. But contrary to Plaintiff's argument that the ALJ's "decision is void of any indication that both eyes are involved" (Doc. 16, at 6), the Court agrees with the Magistrate Judge's analysis that a review of the record and the decision itself – including

---

1. Judge Grimes's observation that Dr. Clark's opinion regarding Plaintiff's ultimate ability to work "is neither 'inherently valuable nor persuasive.'" – (Doc. 15, at 7) (quoting 20 C.F.R. § 404.1520b(c)) – is a correct statement of the law.

6

the portions quoted above – demonstrates the ALJ was fully aware of this. *See* Tr. 26, 27, 51-52, 2135-39. And "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014).

Plaintiff also contends Dr. Nellis's opinion "further supports additional visual limitations" as the RFC "did not limit reaching or bilateral handling to any significant degree." (Doc. 16, at 3). Dr. Nellis conducted a consultative psychological examination of Plaintiff. (Tr. 2187-98). Following an interview and testing, as to understanding and memory, she concluded Plaintiff "would be able to understand most verbal instructions, but would have difficulty remembering information or work-like procedures that were complex." *Id.* at 2197. She noted "information presented in a visual context would be difficult for him to remember or understand." *Id.* She further noted he suffered "visual spatial difficulties." *Id.* The ALJ summarized her opinion (Tr. 22) and later noted he found her opinion persuasive (Tr. 28). Notably, the RFC limited Plaintiff to *inter alia*, (1) no hazards, (2) "simple, routine, and repetitive tasks in a work environment free from past-paced production requirements"; and (3) "few, if any, workplace changes". (Tr. 24). The ALJ further noted these restrictions were supported by the state agency psychological consultative physician opinions. *See* Tr. 27.

To the extent Dr. Nellis's opinion can be read to support greater limitations, as Plaintiff asserts, the Court notes an ALJ is not required to adopt an entire opinion, even one he finds persuasive. *See Borger v. Comm'r of Soc. Sec.*, 2021 WL 6297536, at *9 (N.D. Ohio) ("[A]n ALJ need not "adopt all opined limitations, even if he finds the opinion persuasive.") (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). The Court finds no error in the ALJ's evaluation of Dr. Nellis's opinion.

7

Upon *de novo* review, the Court agrees with the R&R's conclusion that Plaintiff has not pointed to reversible error in the ALJ's decision. Although Plaintiff can point to evidence in the record supporting his contention that he is more limited than the ALJ determined, that is not the question before the Court. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). The Court finds Plaintiff's argument is, in essence, a request that the Court reweigh the evidence presented at the administrative level and reach a different conclusion. But this the Court cannot do. *See Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the ALJ's] decision because substantial evidence supports it."). This is because there is a "zone of choice" within which the Commissioner can act without fear of court interference. *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Substantial evidence supports the ALJ's RFC determination (and thus the VE question based thereon), and as such, the Commissioner's decision falls within that "zone of choice".

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Grimes's R&R (Doc. 15) is ADOPTED as the Order of this Court as supplemented herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE